IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KEVIN R. GOLDEN,

        Plaintiff,

v.                                                                      Case No. 25-2179-JWB

HALLCON CORP.,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's objection (Doc. 9) to Magistrate Judge Angel D. Mitchell's Report and Recommendation ("R&R") (Doc. 6) recommending Plaintiff's motion to proceed in forma pauperis ("IFP") be denied. After review, Plaintiff's objection is OVERRULED, the court ADOPTS the R&R, and DENIES the motion to proceed IFP.

**I. Facts**

On April 7, 2025, Plaintiff filed a complaint against Defendant Hallcon Corporation, alleging violations of Title I of the Americans with Disabilities Act and Title VII along with various state negligence claims. (*See* Doc. 1.) In his complaint, Plaintiff alleges that he was hired by Defendant on January 21, 2019 to be a "qualified driver." (*Id*. at 6.) Plaintiff claims that he suffers from ADHD and other related mental conditions which require reasonable accommodations. (*Id*. at 5–6.) During his employment, Plaintiff claims that he was instructed to operate vehicles in sub-optimal condition and forced to operate in unsafe conditions, even after Plaintiff attempted to report the deterioration of the vehicles to Defendant. (*Id*. at 8–9.) After being involved in an accident in June 2024, Defendant moved Plaintiff's hours of employment,

which Plaintiff claims is retaliation and a failure to accommodate the work hours to which he has grown accustomed. (*Id.* at 11–14.)

Plaintiff filed a motion to proceed IFP and submitted an affidavit in support of his motion. (Doc. 4.) Magistrate Judge Mitchell issued the R&R recommending Plaintiff's motion to proceed IFP be denied because Plaintiff did not establish that he is unable to pay the filing fee. (Doc. 6.) Plaintiff was advised that specific written objections were due within 14 days after being served with a copy of the R&R, and Plaintiff timely objected to the R&R. (Doc. 9.)

## II.     Standard

On a dispositive matter the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A failure to properly object, however, leaves a party with no entitlement to appellate review, and allows the district court to review the R&R under any standard it deems appropriate. *See Williams v. United States*, No. 19-2476-JAR-JPO, 2019 WL 6167514, at *1 (D. Kan. Nov. 20, 2019) (citing *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996)) ("The Tenth Circuit requires that objections to a magistrate judge's recommended disposition 'be both timely and specific to preserve an issue for de novo review by the district court . . .'").

Because Plaintiff is proceeding pro se, the court is to liberally construe his filings. *United States v. Pinson*, 585 F.3d 972, 975 (10th Cir. 2009). However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on Plaintiff's behalf. *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

## III.    Analysis

An "application to proceed in forma pauperis should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 F. App'x 667, 669 (10th Cir. 2008). To prevail

on an IFP motion, "the movant must show a financial inability to pay the required filing fees." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). When one's "monthly income exceeds his monthly expenses by a few hundred dollars[,]" then he has "sufficient income to pay the filing fees[.]" *Brewer v. City of Overland Park Police Dep't*, 24 F. App'x 977, 979 (10th Cir. 2002). Plaintiff disclosed his financials in the affidavit attached to the motion to proceed IFP. (Doc. 4.) In this affidavit, Plaintiff showed a monthly income of $2,102 offset by monthly expenses of $1,796, which amounted to a surplus of $306 each month. (*Id.*) Further, Plaintiff stated he had a little over $300 of cash deposited in a checking account. (*Id.*) Magistrate Judge Mitchell recommended that the motion to proceed in forma pauperis be denied because Plaintiff had the capability to pay the filing fee. (Doc. 6.) Magistrate Judge Mitchell found Plaintiff's monthly income exceeded his monthly expenses by over $300 a month, and Magistrate Judge Mitchell noted that Plaintiff possessed assets that further demonstrated financial ability to pay the filing fee. (*Id.*) Plaintiff objected to the ruling on the basis that Magistrate Judge Mitchell did not account for his medical and credit card debts which he disclosed in his affidavit, and if those debts were added to the calculation, his monthly expenses would slightly eclipse his monthly income. (Doc. 9 at 10-13.)

      Plaintiff's motion to proceed IFP does not indicate that his outstanding medical and credit card debt were separate from his listed monthly expenses. Rather, his categories of expenses appear to indicate that they are included. Plaintiff had a category for "medical expenses" at $25.00 per month and "credit card" expenses for $25.00 a month. (Doc. 4-1 at 2.) Therefore, Magistrate Judge Mitchell did not err in finding that Plaintiff had a surplus each month based on the affidavit submitted with the motion. Based upon a review of the motion, Plaintiff has not demonstrated a financial inability to pay the filing fee.

3

Even if the court were to consider Plaintiff's clarified position in his objection, denial would still be appropriate here because Plaintiff has identified discretionary expenses and money held in a bank account. *See Taylor v. O'Malley*, No. 24-1085-JWL, 2024 WL 2700686, at *1 (D. Kan. May 24, 2024) (finding that "where discretionary income is sufficient to pay the filing fee, even in a case where total expenses exceed total income, denial of an *in forma pauperis* motion is appropriate.") (citing *Scherer v. Merck & Co.*, Civ. A. No. 05-2019-CM, 2006 U.S. Dist. LEXIS 64432, 2006 WL 2524149 at *1 (D. Kan. Aug. 24, 2006)). When a plaintiff can bear the burden of filing a lawsuit by reducing "discretionary expenses for a month, or a few months," the cost of filing a lawsuit should not fall on the taxpayers. *Id.* In *Taylor*, while the plaintiff's monthly expenses exceeded her monthly income, the court found her discretionary expenses could be sufficiently reduced to enable the plaintiff to file the lawsuit. *Id.* For example, the court noted that "$200 a month on clothes for a family of three" qualified as discretionary expenses that could be lowered to fund the filing fee. *Id.* Here, Plaintiff shows $108.42 a month for clothing, and Plaintiff has no dependents. (Doc. 4.) Further, in *Taylor*, the court noted there were "obvious ambiguities" in the plaintiff's affidavit outlining monthly expenses. *Taylor*, 2024 WL 2700686, at *2. Those ambiguities were primarily related to the plaintiff's vague or missing information regarding monthly debt obligations. *Id.* Similarly here, Plaintiff claims that the R&R fails to consider his aggregate credit card and medical debts listed later in his affidavit. (Doc. 9.) However, Plaintiff also lists monthly credit card and medical expense payments in his affidavit, and those monthly payments were accounted for in the R&R. (Doc. 4.) Plaintiff did not provide clarity on these ambiguities in his objection. (Doc. 9.)

## IV.     Conclusion

Plaintiff's objection (Doc. 9) is OVERRULED and the motion to proceed IFP (Doc. 4.) is DENIED.  For the reasons stated in Magistrate Judge Mitchell's R&R and the reasons stated herein, the court ADOPTS the R&R (Doc. 6).  Plaintiff shall pay the filing fee within 21 days of the date of this order.  If the fee is not paid, this matter will be dismissed without prejudice. IT IS SO ORDERED.  Dated this 1st day of July, 2025.

          __s/ John W. Broomes_____
          JOHN W. BROOMES
          UNITED STATES DISTRICT JUDGE