IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KEVIN R. GOLDEN,

        Plaintiff,

v.                                                             Case No.  25-cv-2179-JWB

HALLCON CORPORATION,

        Defendant.

**MEMORANDUM AND ORDER**

Currently before the court are nearly two dozen post-judgment motions by Plaintiff. (Docs. 24, 27, 30, 31, 41, 43, 44, 45, 46, 47, 49, 50, 53, 54, 55, 57, 59, 60, 61, 62, 64.) These motions are generally split into two categories. In the first set of motions, Plaintiff asks the court to provide him relief from judgment and grant Plaintiff's amended motion to proceed in forma pauperis ("IFP"). (Docs. 24, 27, 30, 31, 41.) The second set of motions relate to the undersigned's order denying Plaintiff's motion for relief from judgment and refusing to reopen his case on futility grounds. (Doc. 42.) In response to this order, Plaintiff has filed numerous motions asking the court to reconsider or amend its ruling, to grant a new trial, to make findings of fact for the record, or to hold a hearing to allow Plaintiff to offer evidence. (Docs. 43, 44, 45, 46, 47, 49, 50, 53, 54, 55, 57, 59, 60, 61, 62, 64.) Although there are copious motions on the record, Defendant has summarily responded to the motions, and they are fully briefed and ripe for decision. (Docs. 25, 32, 33, 52, 56, 58.) Plaintiff's motions are all denied as moot, since the court lacks the jurisdiction to resolve them pending Plaintiff's appeal to the Tenth Circuit.

The facts in this case have already been set forth several times, but the court will briefly repeat them here. On April 7, 2025, Plaintiff initiated this matter in which he raised claims of

1

discrimination, retaliation, and failure to accommodate under the Americans with Disabilities Act along with state law claims of negligence and gross negligence. (Doc. 1.) On July 28, 2025, the undersigned entered an order dismissing this case without prejudice for Plaintiff's failure to pay the required filing fee and entered judgment accordingly. (Docs. 22, 23.) In response, Plaintiff filed numerous documents renewing his request to proceed IFP (Docs. 24, 27, 30, 31, 41) and requesting that the case be reopened or that he be provided relief from judgment. (Docs. 26, 28, 29.) However, while these motions were pending, Plaintiff filed an appeal of the final judgment with the Tenth Circuit. (Docs. 37, 38, 39.) Given that there were Rule 59 and Rule 60 motions pending, the Tenth Circuit abated Plaintiff's appeal under Federal Rule of Appellate Procedure 4(a)(4) and directed this court to rule on the motion to reopen the case and the motion for relief from judgment. (Doc. 40.) The undersigned entered an order on those pending motions on October 20, 2025, denying the motions and supplementing record of the appeal as instructed. (Doc. 42.) Since then, Plaintiff has inundated the court with duplicative and redundant motions, all requesting the court to reconsider its order denying Plaintiff's motion to reopen the case and requesting various other evidentiary and IFP remedies.

As a rule, a party cannot litigate a case in a district court at the same time he has filed a notice of appeal of the final judgement under Federal Rule of Appellate Procedure 3. "In general, filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985). This transfer of jurisdiction is triggered when a party files notice of appeal, because the "notice of appeal is an event of jurisdictional significance" *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982) (per curiam). *See also Garcia v. Burlington N. R. Co.*, 818 F.2d 713, 721 (10th Cir. 1987) ("The district court is

thus divested of jurisdiction. Any subsequent action by it is null and void."). Plaintiff filed a notice of appeal to the Tenth Circuit on September 24, 2025, and since that day, this court has lacked jurisdiction to resolve any matters related to those issues on appeal. *Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1237 (10th Cir. 1998). Although the court retains some authority to address collateral matters, all of Plaintiff's pending motions relate to matters that are directly addressed in his appeal of the final judgment.[1] *McKissick v. Yuen*, 618 F.3d 1177, 1196 (10th Cir. 2010). The only reason the court addressed Plaintiff's motion for relief from judgment and motion to reopen his case was because the Tenth Circuit abated the appeal and directed the undersigned to do so. (Doc. 40.)

Therefore, all of Plaintiff's pending motions are denied as moot, because the court lacks the jurisdiction to entertain them until after Plaintiff's appeal is completed. Plaintiff is directed to only file substantive motions in his Tenth Circuit case until that matter is concluded, and the clerk of court is directed to reject any future motions in this case until the Tenth Circuit has returned the jurisdictional mandate at the end of the appeals process. If necessary and appropriate, Plaintiff can refile any relevant motions at the proper time once his appeal is resolved.

Thus, Plaintiff's amended motions to proceed in forma pauperis (Docs. 24, 27, 30, 41) are DENIED AS MOOT, and Plaintiff's renewed objection to Magistrate Judge Mitchell's R&R (Doc. 31) is OVERRULED. Plaintiff's motions for a new trial (Docs. 43, 44, 45, 46, 50) are DENIED AS MOOT. Plaintiff's motions requesting that the court make separate factual findings (Docs. 49,

---

[1] The court does note that many of Plaintiff's motions regarding the court's order denying relief from judgment are re-raised motions under Rule 59 and Rule 60. Even though the court lacks jurisdiction to grant or entertain these motions, it can still deny them. *See Aldrich Enters., Inc. v. United States*, 938 F.2d 1134, 1143 (10th Cir. 1994) ("Although [the district court] lacked jurisdiction to grant the Rule 60(b)(2) motion due to the appeal . . . the court was free to consider the motion, and the court could then . . . deny it on the merits"). Thus, although the court cannot grant any Rule 59 or Rule 60 motion prior to a remand order from the Tenth Circuit, it may deny them prior to remand. *VanHorn v. Salvation Army*, No. 23-2009-DDC-ADM, 2025 WL 1810017, at *1 (D. Kan. July 1, 2025) (citing *W.N.J. v. Yocom*, 257 F.3d 1171, 1173 & n.1 (10th Cir. 2001)).

55, 57, 59) are DENIED AS MOOT.  Plaintiff's motions to allow him to resubmit and cure non-compliant motions (Docs. 53, 64) and to schedule an evidentiary hearing (Docs. 54, 60) are DENIED AS MOOT.  Plaintiff's renewed motions for relief from judgment (Doc. 61, 62) are DENEID AS MOOT.  Finally, Plaintiff's objection to the court's order denying Plaintiff's motions for relief from judgment and to reopen his case (Doc. 47) is OVERRULED.  Given that all of Plaintiff's pending motions have been denied, Defendant's motion to strike Plaintiff's motions as noncompliant with the D. Kan. local rules (Doc. 63) is DENIED AS MOOT.  Finally, the clerk of court is directed to reject any future motions in this case until the Tenth Circuit has returned the mandate at the end of the appeals process.

IT IS SO ORDERED.  Dated this 13th day of November, 2025.

                                                                s/ John W. Broomes  
                                               JOHN W. BROOMES  
                                               CHIEF UNITED STATES DISTRICT JUDGE